FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 01 2010

JAMES W. McCORMACK, CLERK
By: Jones
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GLENDA GORE                                                           PLAINTIFF

VS.                       NO. 4:10-CV-1553 BSM

CONWAY REGIONAL MEDICAL CENTER, INC.                                  DEFENDANT

**COMPLAINT**

This case assigned to District Judge Miller
and to Magistrate Judge Young

COMES the Plaintiff, by and through counsel, and for her Complaint, she states:

### PARTIES AND JURISDICTION

1.  Plaintiff is a resident and citizen of Faulkner County, Arkansas, who worked for Conway Regional Medical Center, Inc. until she was forced to resign in November, 2009, as a result of her status as a person with a disability, and her association with a person with a disability, her daughter. Conway Regional Medical Center, Inc. is a recipient of federal financial funding, such that it is subject to Section 504 of the Rehabilitation Act of 1973 as amended. This action is also brought under the Arkansas Civil Rights Act of 1993 for sexual and disability discrimination. At all times relevant, Defendant employed more than nine employees within the State of Arkansas in an industry affecting interstate commerce. Accordingly, this Court has personal jurisdiction over the parties, as well as subject matter jurisdiction under 28 U.S.C. §1331. Since the events giving rise to this action arose within this Court's district, venue is proper under 28 U.S.C. §1391(b). This Court has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. §1367.

### GENERAL ALLEGATIONS OF FACT

2.  Plaintiff is a female who suffers from anemia.

3.  In the past, the anemia has waxed and waned. However, the anemia persists until today, but Plaintiff is getting better. Nonetheless, Plaintiff's anemia has substantially limited her ability to think, concentrate, eat, swallow, walk, perform manual tasks, and work.

4. Furthermore, Plaintiff's daughter is also a person with a disability, who suffers from serious heart problems. These heart problems substantially limited her daughter's ability to breathe, eat, think, and concentrate.

5. In 2009, Plaintiff was forced to take leave because of her own disability, as well as that of her daughter.

6. Plaintiff originally worked for Conway Regional Surgery, and Conway Regional Surgery accommodated Plaintiff's disability, as well as her need for leave to take care of her daughter.

7. However, Defendant eventually purchased Conway Regional Surgery, replaced Plaintiff's supervisor, and Plaintiff was subsequently forced to resign in November of 2009.

8. At all times relevant, Plaintiff performed her job satisfactorily. Indeed, Plaintiff's previous job evaluations had been more than satisfactory.

9. However, during the conversation in which Plaintiff was forced to resign, Plaintiff's supervisor indicated that Plaintiff's daughter's health condition was such that Plaintiff should resign. Accordingly, Plaintiff told the supervisor that it appeared she had no choice but to resign, and the supervisor agreed.

10. Accordingly, Plaintiff was forced to resign.

11. Nonetheless, Plaintiff continued to battle through not only her own health condition, but also her daughter's health condition.

12. Accordingly, in August, 2010, Plaintiff reapplied for employment, because her supervisor had previously assured her that she could reapply once Plaintiff's health conditions and Plaintiff's daughter's health conditions were resolved.

13. So, Plaintiff reapplied, but Defendant refused to rehire Plaintiff by email attached hereto as Exhibit "A".

14. Plaintiff has timely filed a charge of discrimination with the EEOC regarding Defendant's refusal to rehire her, and she will have received her Right-To-Sue letter by the time this matter is set for trial.

## COUNT I

15. Plaintiff re-alleges the foregoing as if fully set out herein.

16. By virtue of the facts alleged herein, Defendant was a federal financial aid recipient, subject to Section 504 of the Rehabilitation Act of 1973.

17. By virtue of the facts alleged herein, both Plaintiff and her daughter suffer from a disability, or are regarded as suffering from a disability.

18. Nonetheless, Defendant has failed to accommodate Plaintiff, has retaliated against Plaintiff for requesting leave, and has discriminated against Plaintiff on the basis of her association with a person with a disability, her daughter.

19. Indeed, Defendant has retaliated against Plaintiff for requesting leave, and has refused to hire Plaintiff because she in fact requested leave. Such activities constitute an adverse job action so as to constitute illegal retaliation under Section 504 of the Rehabilitation Act of 1973, as amended.

20. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost fringe benefits, and incurred other damages in an amount to be proven at trial.

## COUNT II

21. Plaintiff re-alleges the foregoing as if fully set out herein.

22. As indicated above, Plaintiff is an individual with a disability, and her daughter has a disability as well.

23. Defendant has discriminated against the Plaintiff on the basis of her disability, as well as her association with a person with a disability, in violation of Title I of the Americans with Disabilities Act of 1990, by refusing to consider Plaintiff for any position whatsoever.

14. Plaintiff has timely filed a charge of discrimination with the EEOC regarding Defendant's refusal to rehire her, and she will have received her Right-To-Sue letter by the time this matter is set for trial.

## COUNT I

15. Plaintiff re-alleges the foregoing as if fully set out herein.

16. By virtue of the facts alleged herein, Defendant was a federal financial aid recipient, subject to Section 504 of the Rehabilitation Act of 1973.

17. By virtue of the facts alleged herein, both Plaintiff and her daughter suffer from a disability, or are regarded as suffering from a disability.

18. Nonetheless, Defendant has failed to accommodate Plaintiff, has retaliated against Plaintiff for requesting leave, and has discriminated against Plaintiff on the basis of her association with a person with a disability, her daughter.

19. Indeed, Defendant has retaliated against Plaintiff for requesting leave, and has refused to hire Plaintiff because she in fact requested leave. Such activities constitute an adverse job action so as to constitute illegal retaliation under Section 504 of the Rehabilitation Act of 1973, as amended.

20. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost fringe benefits, and incurred other damages in an amount to be proven at trial.

## COUNT II

21. Plaintiff re-alleges the foregoing as if fully set out herein.

22. As indicated above, Plaintiff is an individual with a disability, and her daughter has a disability as well.

23. Defendant has discriminated against the Plaintiff on the basis of her disability, as well as her association with a person with a disability, in violation of Title I of the Americans with Disabilities Act of 1990, by refusing to consider Plaintiff for any position whatsoever.

24.  Indeed, Defendant appears to be giving prospective employers retaliatory references, such that Plaintiff is blackballed within the nursing community.

25.  Plaintiff has timely filed a charge of discrimination with the EEOC, and will have received her Right-To-Sue letter by the time this matter is set for trial.

26.  As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost fringe benefits, and incurred other damages in an amount to be proven at trial.

27.  Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT III

28.  Plaintiff re-alleges the foregoing as if fully set out herein.

29.  By virtue of the facts alleged herein, Defendant has discriminated against Plaintiff on the basis of her disability, in violation of the Arkansas Civil Rights Act of 1993, by forcing her to resign in November 2009, by refusing to rehire her, and by retaliating against her for requesting accommodation.

30.  Indeed, Plaintiff has been harassed, and intimidated in violation of A.C.A. §16-123-106.

31.  Plaintiff is a victim of discrimination in violation of A.C.A. §16-123-107(c).

32.  Plaintiff has been a victim of retaliation in violation of A.C.A. §16-123-108.

33.  As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress.

34.  All of Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

WHEREFORE, Plaintiff prays for appropriate compensatory damages and punitive damages exceeding $75,000.00, for a trial by jury, for reinstatement or front pay, for an injunction requiring that the Defendant cease its retaliatory practices, declaratory judgment that

the Defendant has violated the Rehabilitation Act of 1973, the ADA, the ACRA, for a reasonable attorney's fee, for costs, and for all other proper relief.

                                      Respectfully Submitted,

                                      HARRILL & SUTTER, P.L.L.C.
Attorneys at Law
P. O. Box 2012
Benton, AR  72018
(501) 315-1910

By: _____
     Luther Oneal Sutter, Ark. Bar No. 95031

g:\doc\gore, glenda\cplt.doc

Yahoo! Mail

**Pool position**  Monday, August 23, 2010 11:13 AM

**From:** "Josephine Acre" <jacre@conwayregional.org>
**To:** glendagorern@yahoo.com

Glenda,
I have spoken with staff and we are in agreement that related to past experiences a pool position at ASD is not an option right now. I appreciate your interest.

Thank you,

Josie Acre, RN
Clinical Director Ambulatory Surgery Department
(501) 548-4252



EXHIBIT A